**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| C.G., a minor, by and through her<br>next friend and mother, NICOLE GEORGAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:25-cv-13406 |
| | ) | |
| v. | ) | Judge: Rebecca Pallmeyer |
| | ) | |
| DEERFIELD PUBLIC SCHOOLS DISTRICT | ) | Jury Demanded |
| 109, JOANNA FORD, in her official capacity as | ) | |
| Assistant Superintendent for Student Services for | ) | |
| Deerfield Public Schools District 109, and | ) | |
| in her personal capacity, and | ) | |
| CATHY VAN TREESE, in her official capacity as | ) | |
| Associate Principal of Alan B. Shepard | ) | |
| Middle School, and in her personal capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND**
**THE FIRST AMENDED COMPLAINT TO**
**ADD CLASS ALLEGATIONS AND**
**FOR CLASS CERTIFICATION**

Plaintiff C.G., by and through her next friend and mother, Nicole Georgas, respectfully

moves for leave, pursuant to Federal Rule of Civil Procedure 15(a)(2), to amend her First Amended

Complaint (ECF 37), to add class allegations, and for class certification. Plaintiff has attached

hereto as Exhibit 1 her proposed Second Amended Complaint. (Ex. 1, SAC). In support of this

motion, Plaintiff states as follows:

## I.     INTRODUCTION

Plaintiff C.G. filed her Complaint on November 1, 2025, advancing three federal claims—

violation of the Fourteenth Amendment's Equal Protection Clause (Count I), violation of Title IX

of the Education Amendments of 1972, 20 U.S.C. §§ 1681–1688 (Title IX) (Count II), and

1

violation of the First Amendment's Free Speech Clause (Count III)—along with two pendent state-law claims (Counts IV and V). (ECF 1, Compl.). The claims arose from Defendants' policy of allowing biological male students access to girls' locker rooms and other female-only intimate spaces at Alan B. Shepard Middle School (the School), in Deerfield Public Schools District 109 (the School District), in Deerfield, Illinois, based solely on those male students' self-declared gender preferences. This policy caused Plaintiff C.G.'s mother, Nicole Georgas, to withdraw C.G. as a student at the School, effective October 14, 2025. (Compl. ¶¶ 1–20).

On December 1, 2025, Plaintiff filed a motion for preliminary injunctive relief. (ECF 18). Pursuant to the Court's order (ECF 20), briefing on Plaintiff's motion concluded December 15, 2025. (ECF 25). After conducting oral argument on Plaintiff's motion on December 18, 2025 (ECF 34), the Court denied it the same day. (ECF 28). That denial is presently on appeal to the Seventh Circuit. (*C.G. v. Deerfield Pub. Schs. Dist. 109*, No. 25-3282 (7th Cir.)).

On January 5, 2026, pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff amended her Complaint without leave of Court and as a matter of course, and filed her First Amended Complaint. (ECF 37, FAC). The FAC substituted one of the two pendent state-law claims (Count V), and made conforming revisions necessary to effect that substitution. All other allegations and claims remained materially unchanged from the original Complaint. (*Compare* FAC *with* Compl.).

On January 23, 2026, Defendants filed motions to dismiss. (ECF 39; ECF 40), briefing on which concluded on March 13, 2026. (ECF 43; ECF 44). The Court has not yet ruled on those motions to dismiss.

## II.     PROPOSED CLASS

Plaintiff now seeks to amend the FAC pursuant to Federal Rule of Civil Procedure 15(a)(2) to add class allegations. This amendment is sought in light of Defendants' position that Plaintiff's individual claims for prospective relief may become moot at the end of the current academic year. That position was set out in Defendants' responsive brief in the Seventh Circuit in Plaintiff's appeal of this Court's denial of her motion for preliminary injunctive relief. (Defs.' Br. 17 n.11, *C.G. v. Deerfield Pub. Schs. Dist. 109*, No. 25-3282 (7th Cir.)). Class allegations are necessary to ensure that the legality of Defendants' ongoing policy does not evade judicial review. The proposed amendment does not add new claims or materially alter the underlying factual allegations. Instead, it only adds class allegations and clarifies the scope of requested relief.

Accordingly, Plaintiff C.G. now seeks leave to add class allegations and certification of a Rule 23(b)(2) class of similarly situated female students subject to Defendants' policy. Specifically, C.G. proposes a class of all female students enrolled, or who will be enrolled, at the School, who have been or will be subjected to Defendants' policy permitting biological male students access to female-only locker rooms, restrooms, and other intimate facilities based solely on self-declared gender preferences. In a supplemental declaration attached hereto as Exhibit 2 (Ex. 2, C.G. Suppl. Decl.), C.G. undertakes to serve as the class representative of this proposed class. As set out in the proposed SAC, two counts—Count I, alleging violation of the Equal Protection Clause, and Count II, alleging violation of Title IX—are now sought to be brought not just on behalf of C.G. but also on behalf of the other members of the proposed class. The remaining three counts—Count III, alleging violation of the Free Speech Clause, and the two pendent state-law claims in Counts IV and V—remain, as before, individual claims.

For the reasons set forth below, the Court should grant Plaintiff C.G. leave to add class allegations and certify the proposed class.

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely give[n] when justice so requires." Such leave to amend should be granted if "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Courts generally do not deny such leave unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of amendment." *Payne v. Churchich*, 161 F.3d 1030, 1036 (7th Cir. 1998) (quoting *Foman*, 371 U.S. at 182) (cleaned up). "[A]pplying the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best way to ensure that cases will be decided justly and on their merits." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015).

The district court may certify a class action if the potential class satisfies the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure. *See Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982). Specifically, the potential class must satisfy the following criteria: (1) numerosity; (2) commonality of facts and law; (3) typicality between the class claims and those of the named parties; and (4) adequacy of the representation by the named parties and class counsel. Fed. R. Civ. P. 23(a). Because named Plaintiff C.G. seeks to certify a class under Rule 23(b)(2), she must also show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is

4

appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (cleaned up).

## IV.     ARGUMENT

### A.     The Court Should Grant Leave to Add Class Allegations.

This case remains at the pleadings stage. No discovery has occurred, and no scheduling order has been entered. Plaintiff C.G. seeks amendment promptly after being alerted to Defendants' position regarding mootness of claims for prospective relief. The proposed amendment reflects a good-faith effort to ensure that the legality of Defendants' policy, which remains in place, does not evade judicial review. And most importantly, the proposed amendment would not unduly prejudice Defendants.

#### 1.     *The Proposed Amendment Is Timely and Made in Good Faith.*

Rule 23(c)(1)(A) requires that class certification be determined "at an early practicable time." This motion satisfies that standard.

When this action was filed, individual injunctive relief would have fully redressed Plaintiff C.G.'s injury, and there was no need to invoke Rule 23. The posture of the case changed materially after this Court denied preliminary relief and Defendants, in their appellate briefing, affirmatively asserted that the impending end of the current academic year would moot C.G.'s claims for prospective relief. That position introduced a jurisdictional concern that did not previously exist in concrete form.

Plaintiff C.G. has moved for class certification while her individual claims remain live, at the earliest practicable time following the crystallization of that risk. This timing is consistent with

5

controlling precedent. And as set out in her supplemental declaration (Ex. 2), Plaintiff C.G. is willing to serve as a representative of the proposed class.

Where claims are time-limited and risk becoming moot before judicial review is complete, class certification may relate back to preserve a live controversy. *Sosna v. Iowa*, 419 U.S. 393, 399–401 (1975). Courts may consider class certification even though the named plaintiff's individual claim has already become moot, when the policy giving rise to the claim is capable of repetition yet evading review. In *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975), the Supreme Court held that mootness of the named plaintiff's individual claim would not bar class certification in cases where "the constant existence of a class of persons suffering the deprivation is certain."

Those principles apply here. Plaintiff C.G.'s Equal Protection and Title IX claims arise in the context of a middle-school enrollment of fixed duration. The combination of academic timelines and duration of appellate review creates a substantial risk that the legality of Defendants' policy will evade review absent class treatment. Notably, even after the end of the current academic year, Defendants' policy will remain in force, and as a result, the "constant existence of a class of persons suffering the deprivation"—female students enduring violations of the Equal Protection Clause and Title IX—"is certain." *Id.*

Defendants cannot simultaneously argue that Plaintiff C.G.'s claim is too short-lived to warrant injunctive relief and then rely on that same brevity to defeat class certification. Rule 23 is available to address such circumstances.

2.      *The Proposed Amendment Will Not Unduly Prejudice Defendants.*

Rule 15(a)(2) directs the Court to "freely give leave" to amend the FAC, "when justice so requires." "As the text indicates, the rule favors amendment as a general matter." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022). Denying such leave, "[t]ypically," is reserved

for instances of "prejudice to the non-moving party." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004).

As noted above, this case is still at the pleadings stage, with the Court having taken Defendants' motions to dismiss under advisement. Because no discovery has taken place and no scheduling order has been entered, there can be no prejudice to Defendants on account of additional discovery costs or submissions.

Had this case been brought, at the outset, as a class action, with the original Complaint containing the class allegations now included in the SAC (Ex. 1), nothing would have changed with respect to the proceedings thus far. *See Bernstein v. National Liberty International Corp.*, 407 F. Supp. 709, 714 (E.D. Pa. 1976) ("Had plaintiff filed her original complaint as a class action, however, it would have been as prejudicial as it is now. While every defendant, by being a defendant, is 'prejudiced' thereby, this is hardly the type of prejudice that would convince this Court to deny the motion to amend which seeks to add class action allegations.").

Even if the Court had been presented with an original Complaint containing such class allegations, in ruling on Defendants' motions to dismiss, the Court would have disregarded them. Just as in ruling on class certification, the Court must disregard the merits. *Eisen*, 417 U.S. at 178; *cf. Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008) ("[W]hen the motion for class certification was filed, the judge had not yet ruled on the defendants' motion to dismiss, and he could have decided the motion for class certification, applying the criteria in Fed. R. Civ. P. 23, before deciding the case on the merits.").

While "a court's decision to consider dispositive motions before or after a ruling on class certification depends greatly on the individual circumstances of the particular case . . . , the emerging trend in the courts appears to be to decide dispositive motions prior to the certification

motion." 3 *Newberg and Rubenstein on Class Actions* § 7:8 (6th ed. 2022) (footnotes omitted). *Compare Bieneman v. City of Chicago*, 838 F.2d 962, 964 (7th Cir. 1988) (observing that "one reason for early certification is to identify the stakes of the case so that the parties may choose their litigation strategies accordingly") *with Blackstone v. Dearborn Life Ins. Co.*, 2024 WL 756835, at *6 (N.D. Ill. 2024) (quoting 3 *Newberg and Rubenstein on Class Actions* § 7:8 for the proposition that "if a court grants a dispositive motion before class certification, it may preclude the need to rule on certification at all thereafter" (cleaned up)); *see also* Barbara J. Rothstein & Thomas E. Willging, *Managing Class Action Litigation: A Pocket Guide for Judges* (Federal Judicial Center, 3d ed. 2010) ("Given the flexibility in the rules, the most efficient practice is to rule on motions to dismiss or for summary judgment before addressing class certification.").

Regardless, because "the propriety of class certification does not depend on the outcome of the suit," *Bieneman*, 838 F.2d at 964, granting leave to add class allegations would not affect the Court's consideration of Defendants' motions to dismiss, and consequently, would not unduly prejudice Defendants.

**B.      The Court Should Certify the Proposed Class.**

In considering whether to certify the proposed class under Rule 23(a) here, the Court may not consider the merits of the named Plaintiff's claims, but instead must take all factual allegations in the SAC as true. *Eisen*, 417 U.S. at 177; *Gomez v. Illinois State Bd. of Educ.*, 117 F.R.D. 394, 398 (N.D. Ill. 1987). Additionally, civil rights cases alleging discriminatory policies or practices are "by definition" class actions, provided that they meet the other requirements of Rule 23(a). *Gen. Tel. Co.*, 457 U.S. at 157; *see also Robert E. v. Lane*, 530 F. Supp. 930, 944 (N.D. Ill. 1980) (stating that a case alleging civil rights violations in an institutional setting represents a "prototypical candidate" for class certification).

8

Courts may certify a class under Rule 23(a) when: (1) its members are so numerous that joinder of claims is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the representative parties are typical of the class claims; and (4) the representative parties and their counsel will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); *Alliance to End Repression v. Rockford*, 565 F.2d 975, 977 (7th Cir. 1977). Courts have further recognized two implied requirements under Rule 23(a): (1) the class must be readily identifiable, and (2) the named plaintiffs must be part of the class. *Id.* at 977–78; *Gomez*, 117 F.R.D. at 397–98. As shown below, the proposed class here easily meets these requirements under Rule 23(a).

### 1. *Joinder Would Be Impracticable.*

Although commonly referred to as the "numerosity" requirement, "the crux of the numerosity requirement is not the number of interested persons per se, but the practicality of their joinder into a single suit." *Arenson v. Whitehall Convalescent & Nursing Home*, 164 F.R.D. 659, 663 (N.D. Ill. 1996) (citing *Small v. Sullivan*, 820 F. Supp. 1098, 1109 (S.D. Ill. 1992)). "'Impracticable' does not mean 'impossible,' but rather, extremely difficult and inconvenient." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 399 (N.D. Ill. 1999). While the number of class members is an important factor, other significant factors include "judicial economy, geographic diversity of class members, and the ability of individual class members to institute individual lawsuits." *Id.*; *see also Riordan v. Smith Barney*, 113 F.R.D. 60, 61 (N.D. Ill. 1986) ("[T]he test for impracticability of joinder is not simply a test for the number of class members."). Under these guidelines, courts in this District have certified classes with as few as 29 members. *See Riordan*, 113 F.R.D. at 61; *see also Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (finding 40 members sufficient for class certification).

9

Here, there is no question that joinder is impracticable. Looking only to the sheer number of female students at the School—approximately 238—joinder of these students' claims is impracticable.[1] Other factors further point to the impracticability of joinder. Almost all students at the School would be minors, without the independence or means to bring individual lawsuits. *Cf. Arenson*, 164 F.R.D. at 663 ("Class members who are residents of a nursing home may also lack the ability to pursue their claims individually."). Also, after the current academic year ends and a new one begins, the composition of the class will change. Joining claims of future class members, who by their very nature cannot be readily identified, is axiomatically impracticable. *Gomez*, 117 F.R.D. at 399 ("The Court also notes that numerosity is met where, as here, the class includes individuals who will become members *in the future*.") (emphasis in original); *Weaver v. Reagen*, 701 F. Supp. 717, 721 (W.D. Mo. 1988) ("Since joinder of . . . unknown persons is impracticable, then the numerosity requirement is satisfied."). Finally, judicial economy would plainly be served by consolidating the actions of all similarly situated students rather than having them litigate individually. *Arenson*, 164 F.R.D. at 663.

2.    *There Are Questions of Law and Fact Common to the Proposed Class.*

Rule 23(a) requires there "need be only a single issue common to all members of the class." *Hispanics United v. Village of Addison*, 160 F.R.D. 681, 688 (N.D. Ill. 1995) (cleaned up) (quoting *Edmondson v. Simon*, 86 F.R.D. 375, 380 (N.D. Ill. 1980)). Thus, "[a] common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). *See also Lightbourn v. County of El Paso*, 118 F.3d

---

[1] Alan B. Shepard Middle School in Deerfield, Illinois, had 475 students enrolled as of October 1, 2024, with approximately half (estimated at 238) being female students. Ill. State Bd. of Educ., Ill. Rep. Card, Alan B. Shepard Middle School (6–8), Enrollment Data, https://www.illinoisreportcard.com/School.aspx?source=studentcharacteristics&source2=enrollment&Schoolid=340491090021005 (last visited April 15, 2026).

421, 425 (5th Cir. 1997) ("The commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members.") (citations omitted); *Marisol A. v. Giuliani*, 126 F.3d 372, 375 (2d Cir. 1997) (class must "share a common question of law or fact"); *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (commonality met where "named plaintiffs share at least one question of fact or law with the grievances of the prospective class.").

Commonality has been characterized as "a 'low hurdle' easily surmounted." *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992). An allegation that the defendant's discriminatory policy or practice affects the class as a whole will suffice to prove commonality of claims, even when the factual situation of each class member differs. *Rosario*, 963 F.2d at 1017 ("The fact that there is some factual variation among class grievances will not defeat a class action.") (citing *Patterson v. General Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980), *cert. denied*, 451 U.S. 914 (1981)); *see also Marisol A.*, 126 F.3d at 376 (in class action involving foster children, "[t]he unique circumstances of each child do not compromise the common question of whether, as plaintiffs allege, defendants have failed to meet their federal and state law obligations."). In other words, a defendant's standardized conduct toward class members, such as a generalized policy that affects all class members in the same way, is sufficient to satisfy commonality. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); *see Gen. Tel. Co.,* 457 U.S. at 159 n.15.

In this action, named Plaintiff C.G. has challenged, on behalf of herself and of all others similarly situated, Defendants' policy of granting biological male students access to the School's female-only intimate spaces—restrooms and locker rooms—based solely on unilateral, unverified self-declarations, without any objective criteria or safeguards, thus requiring female students to

11

surrender their lawful sex-based privacy protections. Class members are other female students at the School who, as a result of this policy, face sex-based discrimination and harassment and have to endure a hostile educational environment that impedes equal access to educational facilities. There is, therefore, a "common nucleus of operative fact," which should suffice "to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario*, 963 F.2d at 1018; *Keele*, 149 F.3d at 594.

Additionally, the class members' claims share common questions of law, including whether Defendants' conduct violates the Equal Protection Clause and Title IX. Class actions are routinely certified in civil rights cases presenting common questions of this nature. "Where 'broad discriminatory policies and practices constitute the gravamen of a class suit, common questions of law or fact are necessarily presumed.'" *Hispanics United*, 160 F.R.D. at 688 (quoting *Midwest Cmty. Council v. Chicago Park Dist.*, 87 F.R.D. 457, 460 (N.D. Ill. 1980)).

3.     *The Named Plaintiff's Claims Are Typical of Those of the Proposed Class.*

The "typicality" requirement is met when the named plaintiffs' claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory." *De La Fuente v. Stokely-Van Camp*, 713 F.2d 225, 232 (7th Cir. 1983). This question is "closely related to the preceding question of commonality." *Rosario*, 963 F.2d at 1018; *see also Gen. Tel. Co.*, 457 U.S. at 157 n.13 ("the commonality and typicality requirements of Rule 23(a) tend to merge"); *McKenzie v. City of Chicago*, 175 F.R.D. 280, 286 (N.D. Ill. 1997) ("commonality and typicality are closely related, a finding of one often results in a finding of the other").

As with commonality, typicality does not require that all class members suffer the same injury as the named plaintiffs. *See Rosario*, 963 F.2d at 1018 (7th Cir. 1992) (finding that Rule 23(a)(3) does not require all class members to suffer the same injury). "Instead, we look to the

12

defendant's conduct and the plaintiffs' legal theory to satisfy Rule 23(a)(3)." *Id.*; *see also De La Fuente*, 713 F.2d at 232 (finding that typicality requirement was satisfied regardless of whether "there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.").

Here, the named Plaintiff is a female student at the School subjected to the policy that permits biological male students to access female-only intimate spaces—restrooms and locker rooms—based solely on unilateral, unverified self-declarations, without any objective criteria or safeguards, thus requiring female students to surrender their lawful sex-based privacy protections. Her claims are therefore identical to those of the proposed class, which consists of all other female students at the School. Because the named Plaintiff and the class share the same deprivations of federal rights, typicality is easily met here.

4.  *The Named Plaintiff and Her Counsel Will Fairly and Adequately Protect the Interests of the Proposed Class.*

The ability of the named Plaintiff to represent the class goes to whether she has a "sufficient interest in the outcome to ensure vigorous advocacy," *Rosario*, 963 F.2d at 1018, as well as any interests "antagonistic to the interests of the class." *Riordan*, 113 F.R.D. at 64.

In this case, the named Plaintiff's interests are entirely coextensive with those of the class. She shares the same claims as the class members as well as a strong interest in securing declaratory and injunctive relief to remedy the violations of the Equal Protection Clause and Title IX. The relief sought by her, if granted, will benefit all members of the class. Furthermore, there are no conflicts or antagonism, whether actual or apparent, between the named Plaintiff and the class, as they all share in the same interest—to be able to use the School's female-only intimate spaces without fear of encountering biological male students in such spaces. Undersigned counsel has

extensive experience in civil rights cases and class-action litigation, and is therefore, well-qualified to prosecute this action.

     5.     *The Named Plaintiff Is a Member of the Proposed Class.*

Finally, under Rule 23(a), the named Plaintiff must show that she is part of the class she seeks to represent. *Hendrix v. Faulkner*, 525 F. Supp. 435, 442 (N.D. Ind. 1980), *aff'd in relevant part*, *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983), *cert. denied*, 468 U.S. 1217 (1984). Here, the named Plaintiff is a female student at the School, and thus, meets the criteria for class membership.

     6.     *The Proposed Class Satisfies the Requirements of Rule 23(b)(2).*

In addition to satisfying the requirements of Rule 23(a), the proposed class must also meet one of the requirements of Rule 23(b). Here, the named Plaintiff moves under Rule 23(b)(2), which allows class certification if Defendants "ha[ve] acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Civil rights cases against parties charged with broad-based discrimination are "prime examples" of actions under Rule 23(b)(2). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997).

This case is exemplary of a Rule 23(b)(2) action because Defendants' policies and practices affect all members of the class as well as the named Plaintiff, and remediating the effects of such policies and procedures is amenable to declaratory and injunctive relief. "Indeed, Fed. R. Civ. P. 23(b)(2) was intended precisely to reach such cases, where application of a clearly defined policy is appropriate to final injunctive or declaratory relief, settling the legality of the behavior with respect to the entire class." *Tonya K. by Diane K. v. Chicago Bd. of Educ.*, 551 F. Supp. 1107, 1112

(N.D. Ill. 1982) (citing Advisory Note to Fed. R. Civ. P. 23, 39 F.R.D. 69, 109, and *Dixon v. Quern*, 76 F.R.D. 617, 620 (N.D. Ill. 1977)).

## V.   CONCLUSION

For the foregoing reasons, Plaintiff C.G. respectfully requests that the Court grant leave to file the proposed Second Amended Complaint, attached hereto as Exhibit 1, adding class allegations, and further requests that the Court certify the proposed class.

Dated: April 19, 2026

Respectfully submitted,

/s/Ajay Gupta
Ajay Gupta
2849 Bond Circle
Naperville, Illinois 60563
(630) 854-7194
ajguptaemail@gmail.com
N.D. Ill. Bar No. 190101
*Counsel for Plaintiff C.G. and the Proposed Class*

15

**CERTIFICATE OF SERVICE**

I, Ajay Gupta, an attorney, hereby state that on April 19, 2026, I electronically filed the foregoing document using the Court's CM/ECF Filing System, which will send electronic notice to all counsel of record.

<u>/s/ Ajay Gupta</u>
Ajay Gupta

16